IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                    Criminal No. 5:04-cr-00193

ROBERT EVANS HOOD

### MEMORANDUM OPINION AND ORDER

In Bluefield, on May 25, 2012, at 10:30 a.m., came the
defendant, Robert Evans Hood, in person and by counsel, David
Bungard; came the United States by John File, Assistant United
States Attorney; and came the Probation Officer Amy Berry
Richmond, for a hearing on the petition to revoke the
defendant's term of supervised release.

The court informed the defendant of the alleged violations
contained in the petition to revoke the term of supervised
release, filed on February 2, 2012 and amended on May 24, 2012.
The court found that the defendant had received written notice
of the alleged violations as contained in the petition and that
the evidence against the defendant had been disclosed.  The
court advised the defendant that, pursuant to Rule 32.1(b) of
the Federal Rules of Criminal Procedure, he has the right to a
hearing and assistance of counsel before his term of supervised
release could be revoked.  Defendant did not challenge the
violations alleged in the petition.  Amy Berry Richmond was

called to the stand to address the violations contained in the report. The court found that the charges were established by a preponderance of the evidence.

The court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), determining a maximum term of imprisonment of sixty (60) months for a violation of a term of supervised release, if the offense that resulted in the term of supervised release was a Class C felony. The court next stated the Guideline imprisonment range for the revocation of supervised release upon such grounds was incarceration for three to nine months, with a maximum term of supervised release of 57 months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of supervised release are policy statements only and are not binding on the court. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before it on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for three (3) months. Upon completion of

his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

The court considered all of the factors in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

The defendant was informed of his right to appeal the court's revocation of his supervised release.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The court found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community and the defendant is permitted to self-report to the facility designated by the Bureau of Prisons.  If the defendant does not receive a designation by June 25, 2012, the defendant shall report to the United States Marshals Service in Charleston, West Virginia, by 2:00 p.m. on that date.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** on this 8th day of June, 2012.

David A.  Faber
Senior United States District Judge